UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANTICANCER, INC., Plaintiff, v. PDOX, INC., dba CERTIS ONCOLOGY SOLUTIONS, and PETER ELLMAN, Defendant. | Case No.: 18-CV-1543-CAB-MDD **ORDER DECLINING SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS** [Doc. No. 17.] |
|---|---|

Plaintiff initiated this action on July 6, 2018 with a complaint asserting federal claims for trademark infringement and for false designation of origin arising out of Defendants' alleged use of Plaintiff's "PDOX" registered trademark. The original complaint also asserted five state law claims arising out of Defendants' alleged theft of Plaintiff's tumor bank. The original complaint asserted jurisdiction based on federal question and diversity, but also alleged facts demonstrating that there is no actual diversity among the parties because both Plaintiff and at least one if not both Defendants are citizens of California.

Defendants moved to dismiss the original complaint and, following a hearing, the Court granted the motion with respect to the federal claims, declined supplemental jurisdiction over the state law claims, and gave Plaintiff leave to amend the complaint. Plaintiff then filed a first amended complaint ("FAC") on November 4, 2018. The FAC removes all allegations of infringement and misappropriation of the PDOX mark and now alleges that Defendants infringed and misappropriated an "HDRA" trademark, an "AngioMouse" trademark, and an "Angiomouse" service mark.

1

Although the FAC again asserts subject matter jurisdiction under 28 U.S.C. § 1332(a) on the basis of diversity, the face of the FAC reflects that the Court lacks diversity because both Plaintiff and one if not both Defendants are citizens of California. Thus, the only possible basis for subject matter jurisdiction over the state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Section 1367(a) grants federal courts supplemental jurisdiction over all claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Plaintiff's state law claims do not satisfy this requirement because they have little to no relationship to the federal trademark claims over which this Court has original jurisdiction. Indeed, the mere fact that Plaintiff was able to substitute entirely different trademark claims in the FAC while asserting the same five state law claims demonstrates that there is no relationship between the federal and state claims. Regardless, even assuming the Court is permitted exercise supplemental jurisdiction over the five state law claims, it is not required to do so. Section 1367(c) expressly provides that district courts may decline to exercise supplemental jurisdiction under any of the following circumstances:

> (1) The claim raises a novel or complex issue of State law;
> (2) The claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> (3) The district court has dismissed all claims over which it has original jurisdiction; or
> (4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs*[1] values 'of economy, convenience, fairness, and comity.'" *Acri*

---

[1] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

*v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (*en banc*) (citations omitted). A district court is not required to articulate any reasons for dismissing state-law claims pursuant to 28 U.S.C. § 1367(c)(1)-(3). *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478–79 (9th Cir. 1998).

Here, even if there is some tenuous relationship between the state law claims and the federal trademark claims, the state law claims substantially predominate over the federal claims. The abandonment of the original trademark claims in favor of entirely new trademark claims and the complete lack of background allegations related to the trademark claims indicates to the Court that the trademark claims are not the focus of this dispute and are merely a method for grabbing a jurisdictional toehold in federal court. "Put another way, if said state law claims remain joined with the federal claim herein, the 'federal tail' will 'wag what is in substance a state dog.'" *Wong v. HSBC Mortg. Corp. (USA)*, No. C-07-2446 MMC, 2009 WL 151014, at *3 (N.D. Cal. Jan. 21, 2009) (citing *DeAsencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3rd Cir. 2003)). Accordingly, the Court declines to exercise supplemental jurisdiction over claims three through seven pursuant to 28 U.S.C. § 1367(c)(1) and (2).

In light of the foregoing, it is hereby **ORDERED** as follows:

1. Claims three through seven of the FAC are **DISMISSED** without prejudice to refiling in state court;
2. Defendants' motion to dismiss for failure to state a claim [Doc. No. 17] is **DENIED AS MOOT**; and
3. Defendants shall file their answer(s) to the remaining claims in the FAC on or before **January 29, 2019**.

It is **SO ORDERED**.

Dated: January 15, 2019

Hon. Cathy Ann Bencivengo
United States District Judge