UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC., <br><br> Plaintiff, <br><br> v. <br><br> PDOX, INC., dba CERTIS ONCOLOGY SOLUTIONS, and PETER ELLMAN, <br><br> Defendant. | Case No.: 18-CV-1543-CAB-MDD <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** <br><br> [Doc. No. 28] |

Plaintiff Anticancer, Inc., filed this lawsuit against PDOX, Inc. d/b/a Certis Oncology Solutions ("Certis") alleging, *inter alia*, that Certis had infringed Anticancer's "PDOX" trademark. Certis moved to dismiss the trademark claims on the grounds that it has an implied license to use the PDOX mark. At a hearing on November 1, 2018, the Court granted Certis's motion because, based on the face of the complaint, Anticancer had given an implied license to Certis to use the PDOX mark when Anticancer participated in the formation of Certis, which has "PDOX" in its corporate name and was formed for the purpose of marketing the PDOX system.

Anticancer now moves for reconsideration of that ruling based on purported newly discovered evidence that Certis changed its corporate name from PDOX, Inc., to Certis Oncology Solutions, Inc. The motion is fully briefed and suitable for submission without

1

oral argument. Because the motion is untimely and because Certis's corporate name change does not alter the undisputed facts and allegations on which the Court premised its dismissal of the PDOX trademark infringement claims, the motion is denied.

**I.    Legal Standard**

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." CivLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Except as allowed by Federal Rules of Civil Procedure 59 and 60, such motions must be filed within 28 days of the ruling sought to be reconsidered. CivLR 7.1(i)(2).

A motion for reconsideration filed pursuant to a Local Rule may also be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441–42 (9th Cir. 1991). Anticancer states that it brings this motion under Rule 60(b). Under Rule 60(b), a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Rule 60(b) provides for reconsideration where one or more of the following is shown: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller*, 950 F.2d at 1442; *see also* Fed. R. Civ. P. 60(b). "[B]ecause of the remedial nature of Rule 60(b), it must be liberally applied." *In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993). Nevertheless, "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994) (internal quotation marks and citation omitted).

2

18-CV-1543-CAB-MDD

## II. Discussion

### A. The Motion is Untimely

Certis's corporate name change occurred and was reflected in public records before the complaint was filed in this case. Moreover, Certis expressly disclosed the name change in this litigation in its answer to the First Amended Complaint, filed on January 29, 2019, where it admitted that "Certis Oncology Solutions, Inc. is a Delaware corporation. . . ." [Doc. No. 22 at ¶ 29.] Further, Anticancer admits that its employees were aware of the name change at least as early as March 2019 and alerted Anticancer's counsel of the name change at that time. Yet, Anticancer waited four months to file the instant motion. This delay renders the motion untimely under Civil Local Rule 7.1 and does not constitute a "reasonable time" under Federal Rule of Civil Procedure 60(b). In other words, the name change is not new evidence, it was not fraudulently concealed by Certis, and Anticancer still waited months to file this motion based on when it admits it became aware of the name change. For this reason alone, the motion is denied.

### B. The Motion Lacks Merit

Regardless, even if the motion is timely, it does not warrant reconsideration of the dismissal of Anticancer's claims for infringement of the PDOX mark. The "newly discovered evidence" of Certis's corporate name change does not change the facts, which were alleged in the original complaint, that caused the Court to dismiss the PDOX infringement claims in the first instance. Specifically, Anticancer participated in the formation of, and became part-owner of, an entity named PDOX, Inc., which was formed for the purpose of marketing the PDOX system. [Doc. No. 1 at 3.] These allegations from the original complaint demonstrate the existence of an implied license for PDOX, Inc. to use the PDOX mark. That PDOX, Inc., which all along was doing business as Certis Oncology Solutions, subsequently changed its corporate name from "PDOX, Inc. d/b/a Certis Oncology Solutions" to "Certis Oncology Solutions, Inc.," does not nullify the existence of the implied license to Certis for the use of the PDOX mark that was created

when the entity was first formed. Accordingly, Anticancer is not entitled to reinstatement of its claims for infringement of the PDOX mark based on Certis's name change.

### III. Conclusion

Certis's corporate name change is neither "newly discovered evidence" nor grounds for reconsidering dismissal of Anticancer's claims for infringement of the PDOX trademark. Accordingly, the motion for reconsideration is **DENIED**.

It is **SO ORDERED**.

Dated: August 8, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge